UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN KITCHNER,

    Plaintiff,                                          Case No:

vs.

ADVANCED SYSTEMS, INC. OF SUNCOAST,
and JUSTIN R. FLOYD individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, JOHN KITCHNER, hereinafter referred to as "PLAINTIFF" pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through her undersigned counsel and sues the Defendants, ADVANCED SYSTEMS, INC. OF SUNCOAST, (hereinafter known as "ADVANCED") and JUSTIN R. FLOYD, individually (hereinafter known as "FLOYD"), collectively known as "DEFENDANTS" and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

3. Plaintiff resides in Pasco County, Florida.

4. Defendant, ADVANCED, is a Florida profit corporation licensed and authorized to conduct business in the State of Florida and doing business within Pinellas County. At all times material Defendant was an employer as defined by the FLSA.

5. Defendant, FLOYD, is the President of Advanced Systems, Inc. of Suncoast, and was acting in a supervisory capacity for Advanced Systems, Inc. of Suncoast. Defendant, FLOYD, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, FLOYD, possessed operational control of business activities.

6. Defendant, FLOYD, was involved in the day to day operations and had direct responsibility for the supervision of Plaintiff.

7. At all times material Defendants were employers as defined by the laws under which this action is brought.

## GENERAL ALLEGATIONS

8. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of her employers.

9. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTS

11. Plaintiff was employed by Defendants from approximately December 2009 to September 14, 2020, as a Tile Setter.

12. Plaintiff regularly and routinely worked over forty (40) hours in a work week. Plaintiff estimates he worked an average of fifty (50) hour per week.

13. Plaintiff was not paid time and a one-half his regular hourly rate for each and every hour that he worked in excess of forty (40) hours in a work week for all weeks that he worked.

14. On numerous occasions Plaintiff was instructed to return to prior jobs to re-do tile that was defective.

15. Plaintiff was not paid for the jobs he was sent back to reinstall, which would often result in him not being paid at least minimum wage for all hours worked in a work week.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

16. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fifteen (15).

17. Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

18. Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

19. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

20. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

21. Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

22. Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

23. Defendants' violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendants knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

24. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

25. As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

26. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f.    Ordering any other further relief the Court deems just and proper.

## COUNT II
## FLSA MINIMUM WAGE

27.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fifteen (15).

28.    Plaintiff is entitled to minimum wage for all hours worked pursuant to the FLSA.

29.    By reason of the intentional, willful and unlawful acts of the Defendants in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendants for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

Dated: December 15, 2020.

                              FLORIN GRAY BOUZAS OWENS, LLC

                              /s/Wolfgang M. Florin
                              Wolfgang M. Florin
                              Florida Bar No. 907804
                              wolfgang@fgbolaw.com
                              Christopher D. Gray
                              Florida Bar No. 0902004
                              chris@fgbolaw.com
                              16524 Pointe Village Drive, Suite 100
                              Lutz, FL 33558
                              Telephone (727) 254-5255
                              Facsimile (727) 483-7942
                              Attorneys for Plaintiff